PENN v. WILLINGHAM, executor.

Where the attorney in fact of an executor advertised land of the estate for sale for cash, and immediately after the sale made a contract with the purchaser whereby the latter was to have immediate possession and time to pay the money until a claim for dower against the estate was settled, and was to pay interest, and after the claim for dower was settled another contract was made by which the purchaser was to have more time until a claim for year's support against the estate was settled, and was to pay interest, and at the request of the attorney in fact the purchaser paid a small amount of debts against the estate, such as court costs, advertising and a balance on testator's coffin, and held possession of the land from the time of sale, the executor lost the right to resell at the purchaser's risk on his failure to pay. The new contract with him was a private one between him and the attorney in fact, whose remedy at that time was to bring suit for the purchase money.

February 10, 1890.

Administrators and executors. Sales. Contracts. Actions. Waiver. Before Judge BOYNTON. Rockdale superior court. February term, 1889.

Reported in the decision.

GEORGE W. GLEATON, for plaintiff in error.

A. C. MCCALLA and CAPERS DICKSON, *contra.*

SIMMONS, Justice.

It appears from the record in this case that Wilkins Willingham, as executor for his father, sued Penn for

$362.13 principal, and interest thereon from December 7th, 1886. The facts in substance are as follows :

Livingston, as the attorney in fact of the executor, exposed to sale, as required by law, a certain tract of land belonging to the estate. The terms of the sale were cash, and Penn became the purchaser. Immediately after the sale, Livingston made an agreement with Penn, whereby Penn was to have immediate pos-.session of the land, and pay 7 per cent. interest per annum on the purchase money from the date of sale, which was January 1st, 1884, and Livingston was not to require payment for the land until the question of the payment of the dower of the widow should be set.tled. Penn went into possession under this agreement, and retained possession from January, 1884, to the first Tuesday in December, 1886. After the question of the widow's dower had been settled, she applied to the court for a year's support out of the estate, and the creditors objecting thereto, Livingston further agreed with Penn to extend the time for the payment of the purchase money until after that matter should be set-tled. It was not settled until October, 1885, whereupon Livingston requested of Penn payment of his bid with interest thereon, which Penn promised to pay. Livingston waited on him until February, 1886, and Penn failing to pay, petitioner had the land advertised for resale on the first Tuesday in April, 1886, at the risk of Penn, and Penn stopped the sale by interposing a claim to the land. This claim was withdrawn in September, 1886, whereupon the land was again advertised for resale at the risk of Penn, and on the first Tuesday in December, 1886, was sold, Penn being present and still failing and refusing to comply with the terms of the first purchase. The land was sold to Jones for $120.00, which was credited on the $400.00 bid by Penn and the interest which had accrued to December 7th,

1886, leaving a balance of $362.13. The record further shows that Penn had paid a small amount of the debts of the estate, such as court costs, advertising, and a balance due on the testator's coffin, at the request of Livingston, the attorney in fact, which amounts, together with other sums due him by the estate, Penn pleaded as a set-off. On the trial of the case, the jury found a verdict for the plaintiff for the difference between Penn's bid at the first sale and Jones' bid at the second sale, with interest thereon. Defendant moved for a new trial upon the ground that the verdict was contrary to law and contrary to the evidence, as well as upon various other grounds contained in the motion. The court overruled the motion for a new trial, and defendant excepted.

We think under this statement of facts, as alleged by the plaintiff and shown in the evidence submitted by him, that the court erred in refusing to grant a new trial in this case. Livingston, the attorney in fact, advertised the land for sale for cash. The terms of the sale being for cash, when Penn purchased the land, Livingston had a right to demand the cash from him, but instead of doing that, he made a separate and independent contract with Penn, whereby Penn was not to pay the money according to the terms of the sale, but was given time until the claim of the widow for dower had been settled. And after this had been settled, Livingston made another contract by which Penn was to have more time until the claim of the widow for a year's support should be settled, Penn agreeing to pay 7 per cent. interest on his bid until both of the widow's claims had been adjusted. Penn also went into possession of the land, and continued in possession until it was resold to Jones in December, 1886, and as stated above, paid a part of the purchase money. We think that when Livingston failed to enforce the terms

of the first contract, and made a new and independent contract with Penn, put him into possession and received from him a part of the purchase money, he waived his rights under the first contract, and waived the right given him by the code to resell the property at Penn's risk. Where an executor or administrator sells land, puts the purchaser into possession, and receives a part of the purchase money, he loses his remedy given him under the code to resell the land at the purchaser's risk. The new contract made with Penn was a private one between him and Livingston, the attorney in fact, and Livingston's remedy against Penn at that time was to bring a suit for the purchase money, and not to re-sell the land at Penn's risk.          *Judgment reversed.*